**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ASSOCIATION ) <br> OF WOMEN, INC., ) <br> 742 Washington Boulevard ) <br> Marina de Rey, CA 902932 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue, N.W., ) <br> Washington, DC 20530-0001, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. |

## COMPLAINT

Plaintiff American Association of Women, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff American Association of Women, Inc. is a corporation incorporated under the laws of the State of California.  Plaintiff operates as a not-for-profit, educational organization under Section 501(c)(3) of the Internal Revenue Code.  Plaintiff disseminates the public affairs television program known as Full Disclosure Network.

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On July 29, 2014, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation, a component of Defendant, seeking access to the following:

> A. All records concerning or relating to the decision not to inform Los Angeles County Sheriff Lee Baca or the Los Angeles County Sheriff Department about the existence of federal and/or FBI investigation(s) into allegations of prisoner abuse and/or brutality by sheriff's deputies in Los Angeles County jails.
>
> B. All communications between the FBI and the U.S. Department of Justice, Civil Rights Division concerning or relating to the decision not to inform Los Angeles County Sheriff Lee Baca or the Los Angeles County Sheriff Department about the existence of federal and/or FBI investigation(s) into allegations of prisoner abuse and/or brutality by sheriff's deputies in Los Angeles County jails.
>
> C. All communications between the FBI and the U.S. Attorney's Office for the Central District of California concerning or relating to the decision not to inform Los Angeles County Sheriff Lee Baca or the Los Angeles County Sheriff Department about the existence of federal and/or FBI investigation(s) into allegations of prisoner abuse and/or brutality by sheriff's deputies in Los Angeles County jails.
>
> D. All communications between (a) the FBI and (b) Cindy Chang or Jack Leonard of the Los Angeles Times concerning or relating to the decision not to inform Los Angeles County Sheriff Lee Baca or the Los Angeles County Sheriff Department about the existence of federal and/or FBI investigation(s) into allegations of prisoner abuse and/or brutality by sheriff's deputies in Los Angeles County jails.
>
> The requested records include, but are not necessarily limited to, records identified in the July 23, 2014 edition of the Los Angeles

       Times article by Cindy Chang and Jack Leonard entitled "FBI kept L.A. County jail probe secret from Baca and aides, files show."

       The time frame for the dates of these requested records is from January 1, 2011 to the present.

6.     By letter dated August 19, 2014, the FBI informed Plaintiff that it made a final determination that any records responsive to its FOIA request are exempt from production pursuant to FOIA Exemption 7(A).

7.     Plaintiff subsequently appealed the FBI's final determination to the Office of Information Policy ("OIP"), another component of Defendant.

8.     By letter dated October 6, 2014, OIP acknowledged receipt of Plaintiff's administrative appeal on September 30, 2014.

9.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), OIP was required to make a determination with respect to Plaintiff's administrative appeal within twenty working days of receipt. OIP's determination was due by October 29, 2014.

10.     As of the date of this complaint, OIP has failed to make a determination with respect to Plaintiff's administrative appeal.

11.     Because OIP has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

12.     Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

14. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 17, 2014

Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
DC Bar No. 995749
Judicial Watch, Inc.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*