UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN ASSOCIATION<br>OF WOMEN, INC.<br><br>        Plaintiff<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE<br><br>        Defendant | **Case 14-cv-2136-RCL** |

## MEMORANDUM OPINION

Now before the Court are defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment, the oppositions, and the replies thereto. ECF Nos. 14, 17, 18, 22, 23, & 25.

For the reasons stated below and by separate order issued this date, defendant's motion shall be **GRANTED** and plaintiff's cross-motion shall be **DENIED** by separate order issued this date.

### I.    BACKGROUND

Plaintiff, American Association of Women, Inc., filed the complaint to compel defendant, U.S. Department of Justice, and components thereof, to produce certain records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Compl., ECF No. 1, at 1. Plaintiff's request for records under FOIA ("FOIA request") sought records and communications related to, *inter alia*, the subject matter of a Los Angeles Times Article entitled, "FBI Kept L.A. County jail probe secret from Baca and aides, files show." Compl. 2-3. Plaintiff alleges that they submitted the request to the Federal Bureau of Investigation ("FBI") on July 29, 2014, requesting records

from January 1, 2011 until "the present." Compl. 3. The FBI, a component of defendant, transmitted by letter dated August 19, 2014, a final determination that any responsive records were exempt from production under FOIA exemption 7(A). Compl. 3; Answer, ECF No. 8, at 2. Plaintiff then appealed the FBI's determination to the U.S. Department of Justice Office of Information Policy, also a component of defendant. Compl. 3; Answer 2. Defendant claims that it has satisfied its obligations under FOIA and that the records requested are properly withheld under numerous exemptions, specifically (b)(7)(A), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E), and seeks summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(h). Def.'s Mot. Summ. J. 1. In addition to filing an opposition in accordance with Local Rule 7(b), plaintiff also filed cross-motion seeking summary judgment as well, alleging that defendant waived the validly claimed exemptions. Pl.'s Cross-Mot. Summ. J. 1.

## II.    ANALYSIS

### a. Standard of Review Generally – Summary Judgment under Fed. R. Civ. P. 56

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court of the United States noted that "the standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-8 (1986). Further, the Court noted that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." *Id.* at 248. In another case examining whether there was a genuine issue of material fact, the Supreme Court noted that "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Supreme Court has held that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### b. Summary Judgment in FOIA Cases

Plaintiff correctly notes that "FOIA generally requires complete disclosure of requested agency information unless the information falls into one of FOIA's nine clearly delineated exemptions." Pl.'s Mem. Opp. Summ. J. 4 (citing 5 U.S.C. § 552(b); *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360-361 (1976)). Nonetheless, "FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). The D.C. Circuit previously held "courts may grant summary judgment on the basis of agency affidavits that contain 'reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.'" *Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 678 F.3d 926, 931 (D.C. Cir. 2012) (hereinafter "*EPIC*") (citing *Gardels v. CIA*, 689 F.3d 1100, 1105 (D.C. Cir. 1982)).

3

### c.  Reasonableness of Search

The D.C. Circuit noted that the standard of review related to the agency search for records in a FOIA cases is whether "the materials submitted by the agency satisfactorily demonstrate the apparent adequacy of the search conducted." *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).  To meet this burden, "the agency must demonstrate that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  Further, the adequacy of the search "is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)).  Plaintiffs fail to address the search conducted by defendant in this case.  After reviewing defendant's description of its search, the Court concludes that defendant has shown that it "made a good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested." Def.'s Mot. Summ. J. 13-18; *Oglesby v. U.S. Dep't. of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (citations omitted).

### d.  Exemptions Claimed

Next, defendant argues that it properly applied exemptions to withhold the records responsive to plaintiff's FOIA request. Def.'s Mot. Summ. J., ECF No. 14, at 18.  Specifically, defendant asserts that the records were exempt from disclosure primarily under § 552(b)(7)(A), as well as under § 552(b)(1), (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E).  *Id.*  at 24-25.  It is well-settled that FOIA provides "a general philosophy of full agency disclosure unless information is

4

exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360-361 (1976) (quoting S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965)). Therefore, the Court examines whether each exemption is properly claimed by defendant.  Plaintiff does not address whether defendant's exemptions are validly claimed in its filings.

### i.  Exemption 7(A)

Section 552(b)(7)(A) exempts information from disclosure that was "compiled for law enforcement purpose, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." The D.C. Circuit has held that under this exemption "an agency must show that [the records] were compiled for law enforcement purposes and that their disclosure (1) could reasonably be expected to interfere with (2) enforcement proceedings that are (3) pending or *reasonably anticipated*." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1540 (D.C. Cir. 1993).

To support invoking this exemption under the FOIA, defendant explains that the information was compiled for law enforcement purposes, that there are pending law enforcement proceedings, and describes the types of "law enforcement records withheld under (b)(7)(A). Def.'s Mot. Summ. J. 14-18.  Defendant further presents a declaration stating, in part, that the "harm that could reasonably be expected to result from disclosure concerns potential interference with an ongoing law enforcement investigation, and the potential prosecution of individuals accused of abusing and/or using brutality . . . against prisoners in Los Angeles County jails." Def.'s Mot. Summ. J., Decl. David M. Hardy, ECF No. 14-2, at 13.  In support of this argument and declaration, defendant offers a thorough accounting of their rationale as to exemption 7(A).

First, defendant argues that the records that it withheld were compiled "during investigation into allegations of prisoner abuse . . ." as part of the FBI's "responsibility to investigate civil right violations pursuant to 18 U.S.C. § 241 (Conspiracy Against Rights), and 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law)." *Id.* As such, the records responsive to plaintiff's FOIA request were specifically compiled for law enforcement purposes meeting the first prong of the exemption 7(A). Regarding the second prong, defendant explains that these records have been compiled as described above and, "disclosure of any information from the records in the midst of these ongoing investigations, is reasonably expected to interfere with the investigation as well as any prospective prosecution(s)." 5 U.S.C. § 552(b)(7)(A); Def.'s Mot. Summ. J. 14 (citing Decl. David M. Hardy).

While defendant does not provide a listing of the documents that are withheld, the Court is satisfied by defendant's rationale that to do so would implicate the exact harm discussed above. Rather, defendant provides an analysis of each type and category of record that has been withheld. Def.'s Mot. Summ. J. 15. Defendant explaints that it has withheld three types of records; standard FBI internal communications, internal emails, and investigative case summary reports. *Id.* Defendant further explains that it has subdivided these different media into categories compromising evidentiary and investigative materials, administrative materials, and reporting communications. *Id.* Defendant's description of the types media withheld is informative, but not dispositive as to whether such records have been properly withheld. Conversely, defendant's explanation of the categories of information reflected in the records is dispositive as to whether the exemption is properly invoked.

6

The first category of information withheld is evidentiary and investigative materials. Def.'s Mot. Summ. J. 16. Defendant explains that this category of information includes records that have investigative summaries, actual documentary evidence, investigative notes, and the like. *Id.* Defendant argues, and the Court agrees, that release of this category of information would "reveal investigative details pertaining to an on-going investigation and/or prosecutions, scope and direction of the investigation, and reveal information that could be exploited by individuals during prosecutions." Def.'s Mot. Summ. J. 16 (citing Decl. David M. Hardy). The Court is satisfied that this category of record, in each of the types described above, is properly exempt from disclosure under exemption 7(A).

The second category of information that defendant has withheld is administrative materials. Def.'s Mot. Summ. J. 16. Defendant describes this category of information as coordinating information between law enforcement agencies, investigative procedures or guidelines, and otherwise information that could "enable suspects to discern a 'road map' of the investigation and prosecution." Decl. David M. Hardy. The Court is satisfied that this category of information, in each of the types described above, is properly exempt from disclosure under exemption 7(A).

Lastly, the final type of category of information consists of reporting communications, which "permit an agency to monitor the progress of the investigation." Def.'s Mot. Summ. J. 17. Defendant explains that such communications include summaries of investigative activities, detailed witness information, background information on third parties, information on related investigations, and similar information. *Id.* Defendant argues that the "release of this information would reveal the nature and scope of the ongoing prosecutions and provide

information that could be exploited by individuals with on-going or prospective trials." *Id.* The Court is also satisfied that this category of information, in each of the types described above, is properly exempt from disclosure under exemption 7(A).

Defendant demonstrates that the records in question were compiled for law enforcement purposes and shows that their disclosure could reasonably be expected to interfere with pending law enforcement proceedings. Def.'s Mot. Summ. J. 19-24. Defendant goes on to explain that it has reviewed the records at issue for segregability, to determine whether any portion of the records could have been segregated and released. After such review, defendant explains that "the FBI is unable to release any information in the pending investigative file without jeopardizing prosecutorial efforts, revealing the scope and extent of the FBI's investigations, or revealing the extent of cooperation within the investigation." *Id.* Therefore, the Court is satisfied that none of the records at issue can be segregated and released pursuant to the FOIA. The Court is thus satisfied that the records were properly withheld from disclosure as exempt under § 552(b)(7)(A).

### ii. Exemption 1

Section 552(b)(1) exempts, in relevant part, information from disclosure that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and . . . in fact properly classified pursuant to such Executive order." Therefore, as defendant notes, for exemption 1 to apply, the information at issue must have been properly classified. Def.'s Mot. Summ. J. 19 (citing *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 483 (D.C. Cir. 1980)).

8

Further, "in the FOIA context," the D.C. Circuit has "consistently deferred to executive affidavits predicting harm to the national security, and have found it unwise to undertake searching judicial review." *Ctr. For Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 927 (D.C. Cir. 2003) (citations omitted). Defendant notes that Mr. Hardy reviewed all of the information responsive to plaintiff's FOIA request and determined that there is information which was properly classified under Executive Order 13,526. Def.'s Mot. Summ. J. 20. Defendant then went on to explain that the detailed information falling under this exemption could be used by "hostile entities" to "develop countermeasures that would, in turn, severely disrupt the FBI's intelligence-gathering capabilities." *Id.* As urged by defendant, therefore, the Court will "defer to Mr. Hardy's sworn declaration that a number of responsive documents are classified" and therefore were properly withheld from disclosure as exempt under § 552(b)(1). Def.'s Mot. Sum. J. 28.

### iii. Exemption 3

Section 552(b)(3) exempts, in relevant part, information from disclosure that:

> is specifically exempted from disclosure by statute . . . provided that such statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

Defendant argues that it properly withheld information under exemption 3 for information covered by the National Security Act of 1947 ("NSA") as amended by the Intelligence Reform and Terrorism Prevention Act of 2004 ("IRTPA"). Def.'s Mot. Summ. J. 23; 50 U.S.C. § 3024(i)(1). Defendant argues that the NSA as so amended provides that the Director of Natinoal Intelligence ("DNI") has no discretion in whether to withhold information relating to intelligence

9

sources and methods. *Id.* Accordingly, defendant submits the portion of Mr. Hardy's declaration which notes, "I have determined that the FBI's intelligence sources and methods would be revealed if any of the withheld information is disclosed to plaintiffs, and thus, the FBI is prohibited from disclosing the information under 50 U.S.C. § 3024(i)(1)." *Id.* After reviewing defendant's argument on this matter, and deferring to Mr. Hardy's declaration as explained above, the Court is satisfied that defendant properly withheld such portions of the responsive records as are exempt from disclosure under the National Security Act of 1947 as amended by the Intelligence Reform and Terrorism Prevention Act of 2004, 50 U.S.C. § 3024(i)(1).

### iv.  Exemptions 6 and 7(C)

Section 552(b)(6) exempts information from disclosure that constitute "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The Supreme Court previously held that it does not share the view that "Congress meant to limit Exemption 6 to a narrow class of files containing only a discrete kind of personal information. Rather, '[t]he exemption [was] intended to cover detailed Government records on an individual which can be identified as applying to that individual.'" *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982) (citing H.R. Rep. No. 1497, 89th Cong., 2nd Sess., 11 (1966), U.S. Code Cong. & Admin. News 1966, pp. 2418, 2428). Section 552(b)(7)(C) exempts information from disclosure that was "compiled for law enforcement purpose, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." The Supreme Court has also noted that "Exemption 7(C)'s privacy language is broader than the comparable language in Exemption 6." *U.S. Dep't of Justice v. Reporters*

*Comm. For Freedom of Press*, 489 U.S. 749, 756 (1989). Accordingly, the D.C. Circuit has held that the exemption found at 7(C) "establishes a lower bar for withholding material" than the one at exemption 6. *ACLU v. U.S. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011). After reviewing defendant's argument and supporting evidence, the Court is satisfied that defendant has properly claimed both exemptions from disclosure as the responsive records included personal information of FBI Special Agents and support personnel, third-parties of "investigative interest," non-FBI federal government personnel, third-parties "merely mentioned," state and local law enforcement personnel, and third-parties who provided information to the FBI.

### v. Exemption 7(D)

Section 552(b)(7)(D), exempts "confidential source" information from disclosure. The D.C. Circuit has held that a "source is confidential within the meaning of exemption 7(D) if the source 'provided such information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.'" *Williams v. F.B.I.*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (citing *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 170 (1993)) (internal citations omitted). Defendant argues that the records withheld include confidential source information, information identifying confidential sources, and information provided by confidential sources under assurances of confidentiality. Defendant's filing and attached declaration satisfies the Court that it properly withheld confidential source information as validly exempt under § 552(b)(7)(D).

### vi. Exemption 7(E)

Section 552(b)(7)(E) exempts information from disclosure that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose

guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law . . ." As noted by defendant, "[t]o show that . . . documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between [an] investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law." *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (internal citations and quotation marks omitted). Pl.'s Mot. Summ. J. 43. Defendant asserts it has properly withheld responsive materials under this exemption because the records include sensitive file numbers, dates and types of investigations, and collection and analysist of information, which each implicate exemption 7(E). Pl.'s Mot. Summ. J. 43-46. The Court agrees.

### e. Official Acknowledgment and Waiver

The only material fact that is arguably in dispute is whether defendant's properly claimed exemptions are waived because defendant "officially acknowledged" the disclosure of the records and information at issue. *See generally Fitzgibbon v. Central Intelligence Agency*, 911 F.2d 755, 765 (D.C. Cir. 1990); *Afshar v. Dep't of State*, 702 F.2d 1125, 1133 (D.C. Cir. 1983). As plaintiff notes, the D.C. Circuit established three criteria to determine whether an item has been "officially acknowledged." *Id.* The criteria are:

> First, the information requested must be as specific as the information previously released. Second, the information requested must match the information previously disclosed; we noted, for example, that official disclosure did not waive the protection to be accorded information that pertained to a later time period. Third, we held that the information requested must already have been made public through an official and documented disclosure.

911 F.2d at 765 (citing *Afshar*, 702 F.2d at 1133). The *Afshar* criteria identified in *Fitzgibbon* guide the Court's analysis here in determining whether defendant has waived the validly held

exemptions. In applying the *Afshar* criteria, this Court has previously held that the "information cannot merely be overlapping; it must be identical." *Barre v. Obama*, 932 F. Supp. 2d 5, 8 (D.D.C. 2013) (citing *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007)).

The first and second *Afshar* criteria both require plaintiff to show that there was information previously released. 702 F.2d at 1133. To support this element of the first two criteria, plaintiff offers the L.A. Times article itself and asks the Court to rely upon statements written by a non-party news organization. Pl.'s Cross-Mot. Summ. J., Ex. A, Decl. Leslie Dutton, ECF No. 18-1. Plaintiff contends that this article makes it "clear that the L.A. Times had access to the three records being withheld from [p]laintiff." Pl.'s Cross-Mot. Summ. J. 6. Plaintiff further argues that since the L.A. Times article references "internal FBI email and confidential memos" as well as "an FBI case summary," it proves that the L.A. Times had access to the three records located by defendant, specifically, "an email chain, consisting of internal messages distributed electronically within the FBI; an Investigative Case Summary Report, documenting the FBI's decision-making process; and an Electronic Communication, which is described as the primary vehicle of correspondence within the FBI." Pl.'s Cross-Mot. Summ. J., Ex. A, Decl. Leslie Dutton; Pl.'s Cross-Mot. Summ. J. 6-7 (citing Def.'s Mot. Summ. J., Decl. David M. Hardy). The news article references, as plaintiff underscores, two general types of sources. Defendant's record search produced three specific records. This discrepancy makes it difficult to find a connection between the information allegedly reviewed by the L.A. Times and the records identified in defendant's records search. However, even if the Court were to find this sufficient to meet plaintiff's burden that there was a previous release, plaintiff must still meet its burden as to the remaining elements of the first two criteria, as well as the third *Afshar* criteria.

Next the Court examines whether plaintiff has met its burden to show that the information previously released is as specific as the information requested under the first *Afshar* criteria. 702 F.2d at 1133. To support this contention, in addition to the above-referenced discussion, plaintiff claims that the article "summarizes numerous, if not all, passages contained in the three records." Pl.'s Cross-Mot. Summ. J. 7. Unfortunately for plaintiff, the Court is still troubled by the discrepancy even in the description of the records allegedly reviewed by the non-party L.A. Times. Therefore, the Court is unpersuaded by plaintiff's conclusion.

The second *Afshar* criteria requires plaintiff to demonstrate that the information they requested under FOIA matches the previously released information. 702 F.2d at 1133. Plaintiff is again relying on supposition and conclusion, simply stating, "[a]lthough [p]laintiff has not seen the records, it appears as though the information that is already public matches and is as specific as the information contained in the three responsive records." Pl.'s Cross-Mot. Summ. J. 7. Plaintiff does not provide or identify evidence upon which plaintiff has reached this conclusion. Plaintiff has therefore failed to carry its burden in this regard.

Lastly, the third *Afshar* criteria requires plaintiff to show that the information requested was already "made public through an official and documented disclosure." 702 F.2d at 1133. Defendant notes that the fact of an official and documented disclosure can be of independent significance, as recognized in *Afshar*. Specifically, the *Afshar* court noted, "official acknowledgment by an authoritative source might well be new information that could cause damage to the national security." *Id.* at 1130. This distinction is at the core of *Glomar* responses[1] and effectively what defendant has done in this case. Plaintiff contends that

---

[1] A *Glomar* response is when an agency refuses to confirm or deny the existence of records "where to answer the FOIA inquiry would cause harm cognizable under an FOIA exemption." *Gardels v. CIA*, 689 F.2d 1100, 1103

Case 1:14-cv-02136-RCL  Document 26  Filed 03/08/16  Page 15 of 17

defendant has made requested information public through an official disclosure, while apparently ignoring defendant's *Glomar* (or quasi-*Glomar*) response. Def.'s Mem. Opp. Pl.'s Cross-Mot. Summ. J., Second Decl. David M. Hardy, ECF No. 22-1.

Defendant offers sworn testimony that no officially acknowledged and documented disclosure has occurred. Def.'s Mem. Opp. Pl.'s Cross-Mot. Summ. J. 3. Defendant informs the Court that "the FBI has no evidence indicating the information presented in the *L.A. Times* article came from any official source, and therefore, will not confirm or deny the contents of the article." Def.'s Mem. Opp. Pl.'s Cross-Mot. Summ. J., Second Decl. David M. Hardy 3-4. The Court views this response generally as a *Glomar* response and treats it as such. The D.C. Circuit previously noted that according to the legislative history of the 1974 Amendments of the FOIA, defendant's affidavits are "entitled to substantial weight," in setting forth the basis for an exemption. *Weissman v. Central Intelligence Agency*, 565 F.2d 692, 697 fn. 10 (D.C. Cir. 1977).

Plaintiff supports its argument mostly through negative inference and conjecture of a nature unsatisfactory to the Court to allow a finding in plaintiff's favor. Specifically, plaintiff states first that since the records "relate to the decision not to inform the L.A. County Sheriff about the existence of a federal investigation, the records could not have been procured from the L.A. County Sheriff's office." Pl.'s Cross-Mot. Summ. J. 7. While there may be a certain comfortable logic to this contention, such logic is not proof that the records did not come from the L.A. County Sherriff's office. Nor does it prove that such records were the subject of an officially acknowledged documented disclosure. Next, plaintiff concludes that "[a]ll evidence suggests that the FBI officially provided information to the L.A. Times" for four reasons. *Id.*

(D.C. Cir. 1982). This type of response is known as a *Glomar* response based upon such a response allowed by *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976) (case involving the CIA refusing to confirm or deny existence of records regarding Howard Hughes' ship the *Glomar Explorer*).

First, plaintiff claims that there is "no evidence that the FBI considers the release of the information to be improper." *Id.* Second, plaintiff claims that there is no evidence "that an investigation is taking place to determine how the information became public." *Id.* Third, plaintiff alleges that there is no "evidence that an FBI employee has been disciplined for providing the information to the FBI [sic]." *Id.* Lastly, plaintiff argues that there is no "evidence that the FBI has sought to collect or recover the three records from the L.A. Times." *Id.* Plaintiff's argument follows this court's rationale in analyzing agency response in relation to an inadvertent disclosure of a top-secret document in *Barre v. Obama*, 932 F. Supp. 2d 5 (2013). This Court's rationale in *Barre*, discussing the measures taken to neutralize the inadvertent disclosure of a top-secret document, does not support plaintiff's conclusion in the case at bar.

Plaintiff suggests that defendant has "not provided any concrete evidence whatsoever that it or any of its employees did not disclose the three records to the L.A. Times." Pl.'s Cross-Mot. Summ. J. 6-7. Ironically, plaintiff concludes that defendant "only submits a self-serving, conclusory statement." *Id.* In fact, the plaintiff takes this argument one step further and relies on *National Security Counselors v. CIA*, 960 F. Supp. 2d 101 (2013) (Howell, J.) to argue that the burden has now shifted to defendant to demonstrate the information at issue has not been disclosed. Pl.'s Cross-Mot. Summ. J. 7. The Court sees nothing in the record sufficient to carry plaintiff's burden that the information contained in its request is identical to that described in the article. The burden therefore remains with plaintiff. *National Security Counselors*, 960 F. Supp. 2d at 169; *see also Davis v. Dep't of Justice*, 968 F.2d 1276, 1280 (D.C. Cir. 1992).

Further, plaintiff asks this court to ignore the distinction between official and unofficial disclosure as well as the distinction between a *Glomar* response and confirmation or

16

acquiescence. Plaintiff further concludes that defendant has confirmed or acquiesced that the information reported by the L.A. Times is the same as the records responsive to plaintiff's FOIA request.

Plaintiff further suggests that it has made a "straightforward argument[] as to why the records have been implicitly, if not explicitly, made public through an official documented disclosure." Pl.'s Reply Supp. Cross-Mot. Summ. J. 3. While admittedly straightforward, plaintiff's proffered reasoning is also conclusory and therefore unavailing.

The Court finds that there was no officially acknowledged and documented disclosure of the information at issue.

## III.    CONCLUSION

In light of the Court's analysis defendant's motion shall be **GRANTED** and plaintiff's cross-motion shall be **DENIED** by a separate order issued this date.

Signed by Royce C. Lamberth, United States District Judge, March 7, 2016.

17